# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

TRINA KAY SMITH §
§ Civil Action No. 4:18-CV-274
v. § (Judge Mazzant/Judge Nowak)
§
COMMISSIONER, SSA §
§

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 7, 2019, the report of the Magistrate Judge (Dkt. #15) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of Social Security Administration be affirmed. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #16), and Defendant's Response (Dkt. #19), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.). In other words, a party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects.

Moreover, the District Court need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiff broadly argues that the Magistrate Judge erred in analyzing the arguments related to Plaintiff's mental impairments and in rejecting Plaintiff's challenge to the *Dictionary of Occupational Titles* ("DOT"). The Court considers Plaintiff's specific assertions as to these general arguments in turn.

### *Revised Paragraph B Criteria*

Plaintiff first objects that the paragraph B criteria were revised in, 2016, with an effective date of January 17, 2017, and thus at the State Agency level, there was no medical evaluation of Plaintiff's functional limitations pursuant to the revised criteria (Dkt. #16 at p. 3). Plaintiff further alleges it is clear the Magistrate Judge did not address her concerns regarding the paragraph B criteria, as the Magistrate Judge incorrectly referenced in the report the categorizations of the four broad functional areas used prior to the effective date (Dkt. #16 at p. 3). Plaintiff is correct the Magistrate Judge in one instance referenced the prior categories (but further cited 20 C.F.R. § 404.1520a(c)(3) which identifies the current four broad functional areas); however, notwithstanding, Plaintiff ignores that the ALJ used the proper standard that was in effect at the time of the ALJ's decision. *See Young v. Berryhill*, 689 F. App'x 819, 821, n.3 (5th Cir. 2017) (indicating that the regulations that applied at the time of the ALJ's determination control). Moreover, the Magistrate Judge specifically addressed and discussed Plaintiff's moderate limitation in her ability to "understand, remember, and apply information"—one of the categories effective as of 2017—at length, as such limitation was the basis for many of Plaintiff's arguments in her brief to the Court (Dkt. #15 at pp. 14–21). Additionally, the ALJ clearly employs the correct

paragraph B categories—identifying them each by name—in his decision (TR pp. 20–21). Thus, to the extent Plaintiff argues the Magistrate Judge did not address her concerns regarding the "paragraph B" finding or that the ALJ did not properly evaluate Plaintiff's functional limitations using the correct criteria, such objection is overruled.

### *Hypothetical to the VE—Fair Ability*

As it relates to the hypothetical presented to the VE, Plaintiff again objects to the use of the term "fair ability" (Dkt. # 16 at pp. 3–4). The ALJ's hypothetical to the VE did not merely ask the VE to evaluate a "fair ability," instead the ALJ's hypothetical requested that the VE consider an individual with:

> *at least moderate difficulties*, or a fair ability to function independently, appropriately, effectively, and on a sustained basis; to understand, remember, and apply information to concentrate, persist or maintain pace, to interact with others *such that they were limited to simple, routine tasks both consistent with unskilled work,* with simple instructions learned by rote with few workplace changes, little judgment required; few work-related decisions, and simple direct supervision, and no more than incidental contact with the general public, and occasional contact with coworkers and supervisors.

(TR p. 98). Plaintiff's suggestion that the mere use of the word fair rendered the hypothetical void of any functional limitations is disingenuous and ignores the totality of the hypothetical posed. Plaintiff's objection is overruled.

### *RFC—1 or 2 Step Oral Instructions*

Plaintiff objects that the ALJ's assessment of Plaintiff's functional limitations is deficient because the ALJ's decision does not address Plaintiff's ability to carry out one or two step oral instructions, which—as asserted by Plaintiff—is part of the definition for the category of understanding, remembering, and applying information (Dkt. #16 at p. 4). The Commissioner responds that "the ability to carry out one- or two-step oral instructions is included as one of the examples in the broad, general category of understanding, remembering, and applying

3

information….However, there is no principle that a moderate limitation affects all of the examples listed in the description of a broad functional area" (Dkt. #19 at p. 4). The Court agrees with the Commissioner. Nothing in the regulations indicate that the finding of a moderate limitation in one of the broad, general categories necessarily means that the claimant is moderately limited as to all abilities for that category. Indeed, the regulations instead explain that:

> Understand, remember, or apply information (paragraph B1). This area of mental functioning refers to the abilities to learn, recall, and use information to perform work activities. *Examples include*: Understanding and learning terms, instructions, procedures; *following one- or two-step oral instructions* to carry out a task; describing work activity to someone else; asking and answering questions and providing explanations; recognizing a mistake and correcting it; identifying and solving problems; sequencing multi-step activities; and using reason and judgment to make work-related decisions. These examples illustrate the nature of this area of mental functioning. *We do not require documentation of all of the examples*.

20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(E)(1) (emphasis added). Plaintiff has proffered no evidence or argument that Plaintiff was limited in her ability to follow one or two step oral instructions and, as indicated by the Magistrate Judge, "nowhere in the ALJ's decision does the ALJ indicate that Plaintiff has a significant limitation in her ability to carry out one or two-step instructions or tasks. Instead, the ALJ limited Plaintiff to 'simple, routine tasks'" (Dkt. # 15 at p. 16). Plaintiff's objection is overruled.

*Unskilled Work Limitation*

Plaintiff next asserts that the Magistrate Judge erred in finding that the ALJ's RFC assessment was consistent with Plaintiff's moderate limitations, arguing the Magistrate Judge failed to cite cases that support the conclusion that a moderate limitation in Plaintiff's ability to understand, remember, and apply information is adequately addressed by a limitation to unskilled work (Dkt. #16 at pp. 4–5). Notably, Plaintiff provides no direct or otherwise analogous authority to support her position, nor any argument as to why a different result is warranted. The regulations

define unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time," 20 C.F.R. § 404.1568(a), and further specify that the basic mental demands of unskilled work include the ability "to understand, carry out, and remember simple instructions…." SSR 85-15, 1985 WL 56857, at *4. The Magistrate Judge then concluded, based on the regulations' definitions, that:

> The ALJ's mental RFC determination limiting Plaintiff to, "simple, routine tasks, with no more than incidental contact with the general public, and occasional contact with coworkers and supervisors" is not contradictory with the ALJ's finding in the "special technique" that Plaintiff has moderate limitations in understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace [TR 20-22]; nor did the hypothetical posed to the VE fail to include limitations as defined in the RFC as the ALJ's hypothetical directly tracked the RFC assessment language—"such that they were limited to *simple, routine tasks both consistent with unskilled work, with simple instructions*" [TR 97-98].

(Dkt. #15 at pp. 16–17) (emphasis in original). Plaintiff's objection is overruled.

***The ALJ's Paragraph B Determination***

Plaintiff further asserts that "the Magistrate Judge appears to be arguing with ALJ's determination with regard to the 'paragraph B' criteria" (Dkt. #16 at p. 5). Despite Plaintiff's contention, the Court discerns no conflict; the referenced page of the report with which Plaintiff quarrels is not an independent review and/or summary of the medical records, it is instead merely a summary of the ALJ's findings and citations:

> The record clearly indicates that the ALJ incorporated these functional limitations from the mental impairment into the RFC *based upon the ALJ's evaluation of the evidence in this case*. *The ALJ noted the result of her consultative examination with Dr. Beck* finding that Plaintiff able to complete remote memory tasks, scored low average in working memory, but was not observed to have problem with memory, fund of knowledge or ability to attend tasks [TR 20-21, 879]. *The ALJ additionally pointed to Dr. Beck's finding* that Plaintiff could do all concentration and attention tasks but she had some shortening of concentration and attention [TR 21, 879-880]. *The ALJ specifically addressed findings in various treatment notes from Dr. Aina*, Plaintiff's psychiatrist, wherein Plaintiff denied difficulty with concentration [TR 21, 979, 982,] and Dr. Aina observed Plaintiff to have no problems with memory,

5

> fund of knowledge, or ability to attend tasks [TR 21, 1029, 1033, 1036-37, 1096-1114]. *The ALJ further identified records demonstrating that Plaintiff was able to attend to tasks normally and showed intact memory, insight, judgment, and knowledge* [TR 21, 982, 1005, 1029, 1033, 1037-37, 1050, 1055, 1071, 1096-1114].

(Dkt. #15 at p. 18) (emphasis added). Plaintiff's objection is overruled.

### *Reliability of the DOT*

Finally, Plaintiff's counsel yet again questions the reliability of the DOT (Dkt. #16 at pp. 6–7). Plaintiff offers no new argument and instead restates her prior contention that it is error for the ALJ to rely on the DOT as it has not been updated since 1991 (Dkt. #16 at p. 7). Plaintiff's objection focuses solely on information provided by the Occupational Outlook Handbook ("OOH") and asserts that the OOH is recognized as a reliable source of vocational information (Dkt. #16 at p. 6). Although the OOH is recognized as being reliable, such recognition does not create a conflict with the testimony of the VE. SSR 00-4p requires only that the ALJ inquire as to the consistency between the VE's testimony and the DOT. Should Plaintiff perceive an additional conflict or otherwise question the validity of the VE's testimony, it is then incumbent on the Plaintiff to raise such issues on cross examination. Plaintiff failed to do so in the instant case. As indicated by the report:

> The ALJ here asked the VE to identify jobs plaintiff could perform and inquired into consistency with the DOT [TR 98-99]. The VE provided testimony as to those jobs and noted consideration of the DOT [TR 98-99]. Notably, Plaintiff's counsel did not object to the VE's expertise or to his testimony and Plaintiff's counsel asked no questions related to the VE's methodology in deriving the number of positions available for each position in the national and regional economy on cross examination. It is well settled that a VE's expertise "provides the necessary foundation for his or her testimony." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (explaining that no additional foundation is required to support VE's expert testimony). Plaintiff had ample opportunity to cross-examine the VE on his methodology for determining the number of available jobs, but did not do so.
> ∗∗∗
> Here, the ALJ complied with his obligation to confirm the consistency with the DOT, and appropriately relied on the VE's testimony. Plaintiff's new evidence

from the OOH and Job Browser Pro [Dkt. 11-1]—presented for the first time here before the Court—are not sufficient to render the VE's testimony unreliable.

(Dkt. #15 at pp. 23–24). Accordingly, the Court overrules Plaintiff's Objections.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #16), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #15) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

**SIGNED this 20th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE